UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COUNTRYWIDE HOME LOANS, INC. as servicer  Case No.
for the UNITED STATES DEPARTMENT OF       Hon.
VETERANS AFFAIRS,

  Plaintiff,

v

ROBERT J. KLEINE, not individually, but in his
capacity as STATE OF MICHIGAN TREASURER, and

THE MICHIGAN DEPARTMENT OF
NATURAL RESOURCES OFFICE OF
PROPERTY MANAGEMENT, and

MARVIN D. HARE, not individually,
but in his capacity as the Treasurer for
the County of Saginaw, and

LARRY STATON and VICKI STATON,
Husband and Wife, and

KENNETH BAKER, and
VERTIS SMITH,

  Defendants.

RICHARD WELKE (P44403)
Trott & Trott, P.C.
Attorney for Plaintiff
31440 Northwestern Highway, Suite 200
Farmington Hills, MI 48334
(248) 723-5765

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN
HIGHWAY, SUITE 200
FARMINGTON HILLS, MI
48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

## COMPLAINT TO VACATE TAX FORECLOSURE JUDGMENT AND TO QUIET TITLE

## COMPLAINT TO VACATE TAX FORECLOSURE JUDGMENT AND TO QUIET TITLE

NOW COMES Plaintiff, COUNTRYWIDE HOME LOANS, as servicer for the UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, by and through its attorneys, TROTT & TROTT, P.C., by Richard Welke, and submits the following as its Complaint against Defendants:

## JURISDICTION AND PARTIES

1. That this is an action for damages and to vacate a judgment of foreclosure entered in civil action no. 01-39387-CZ in the circuit court for the County of Saginaw, State of Michigan, in the matter of the petition filed by the Treasurer for the State of Michigan for alleged delinquent real property taxes levied by the city and county taxing authorities of Saginaw County.

2. That this is an action to enforce certain rights guaranteed to the Plaintiff pursuant the property clause and the supremacy clause of the Federal Constitution of the United States as well as State of Michigan tax foreclosure law.

3. That this Court has jurisdiction pursuant 28 U.S.C. §1331 and 28 USCS § 2410.

4. That Plaintiff, COUNTRYWIDE HOME LOANS, INC. (hereinafter referred as "CHL") is a foreign corporation that acts as a mortgage servicer for certain home loans administered and owned by the UNITED STATES DEPARTMENT OF VETERAN AFFAIRS (hereinafter referred as the "VA").

5. That Plaintiff, the UNITED STATES DEPARTMENT OF VETERAN AFFAIRS is a government run military veteran benefit system with cabinet level status that

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARNMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

administers a program of veteran's benefits for veterans and their families including but not limited to home loans.

6. That Defendant, Robert J. Kleine, not individually, but in his capacity as STATE OF MICHIGAN TREASURER was the foreclosing governmental unit, as that term is defined in Michigan law, that foreclosed the property at issue in 2002 for alleged delinquent property taxes. **A copy of the Notice of Judgment of Foreclosure is attached as Exhibit A**.

7. That Defendant, MARVIN D. HARE, not individually, but in his capacity as the Treasurer for the County of Saginaw, State of Michigan was the County taxing authority that drafted and filed the Certificate of Forfeiture, as that term is defined in Michigan law, that forfeited the property at issue in 2001 for alleged delinquent property taxes. **A copy of the Certificate of Forfeiture is attached as Exhibit B.**

8. That Defendants, LARRY STATON and VICKI STATON, are husband and wife who granted a mortgage on July 1, 1981, to Waterfield Mortgage Company Incorporated, which was recorded on July 9, 1981, in Liber 1601, Page 2282, Saginaw County Records. (hereinafter referred to as the "Staton Mortgage"). **A copy of the Staton Mortgage is attached as Exhibit C.**

9. That the Staton Mortgage was properly assigned to and became the property of the VA in 1985. **A copy of all assignments are attached as Exhibit D.**

10. That Defendants, KENNETH BAKER and VERTIS SMITH are post-foreclosure tax sale purchasers pursuant a public auction sale and Quit Claim Deed from the Michigan Department of Natural Resources dated September 19, 2002, which deed was

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARNMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

recorded on December 4, 2002, in Liber 2235, Page 952, Saginaw County Records. **A copy of the Quit Claim Deed is attached as Exhibit E.**

11. That the events giving rise to this cause of action occurred in the County of Saginaw, which is part of the United States District Court, Eastern District, Northern Division, for the State of Michigan.

12. That the real property which is the subject of this cause of action is located at 1001 Webber Street, Saginaw, Michigan 48601, and is more specifically described as:

> **Lot 1, Block 1, George W. Hesse's Addition to the City of East Saginaw, according to the Plat thereof recorded in Liber 38, age 45 of Plats, Saginaw County Records.**
>
> **Parcel ID#:  County:  91-10-3-13-9000-000  City:  11 0139 00000**
> **("Subject Property")**

## FACTUAL BACKGROUND & LEGAL CONTENTIONS

13. That Plaintiff's interest in the Subject Property is a first mortgage lien interest granted by the Statons on July 1, 1981, to Waterfield Mortgage Company Incorporated, which was recorded on July 9, 1981, in Liber 1601, Page 2282, Saginaw County Records. **(See, Exhibit C)**

14. That on July 16, 1981, the Waterfield Mortgage Company assigned the Staton Mortgage to the Federal National Mortgage Association, said assignment recorded on July 30, 1981, in Liber 1602, Page 1512, Saginaw County Records. **A copy of the referenced Assignment to Federal National Mortgage Association is attached as Exhibit F.**

15. That on May 25, 1995, Federal National Mortgage Association assigned the Staton Mortgage to the Secretary of Veteran Affairs, the VA, with said assignment being

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARNMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

being recorded in Liber 1936, Page 456, Saginaw County Records.  **A copy of the Assignment to the Secretary of Veteran Affairs is attached as Exhibit G.**

16.  That on March 1, 2001, Defendant, MARVIN D. HARE, the Treasurer for the County of Saginaw, State of Michigan drafted and filed the Certificate of Forfeiture, which was recorded in Liber 2198, Page 445, Saginaw County Records. **See Exhibit B.**

17.  That on July 30, 2002, the STATE OF MICHIGAN TREASURER, filed the Notice of Judgment of Foreclosure, which was recorded in Liber 2233, Page 1140, Saginaw County Records.  **See Exhibit A.**

18.  That Defendants, KENNETH BAKER and VERTIS SMITH purchased the Subject Property pursuant a public auction sale from the Michigan Department of Natural Resources and received a Quit Claim Deed dated September 19, 2002, which deed was recorded on December 4, 2002, in Liber 2235, Page 952, Saginaw County Records.  **A copy of the Quit Claim Deed is attached as Exhibit E.**

19.  That a table of relevant recorded documents, in date of recording order, is included below.

| Date Executed & Recorded | Exhibit | GRANTOR | Document Type | GRANTEE |
|---|---|---|---|---|
| 7-1-81<br>R 7-9-81<br>L1601/P2282 | C | Larry Staton & Vicki Staton | Mortgage $20,500.00 | WATERFIELD MORTGAGE COMPANY INCORPORATED |
| 7-16-81<br>R7-30-81<br>L1602/P1512 | F | WATERFIELD MORTGAGE COMPANY INCORPORATED | Assignment of Mortgage | Federal National Mortgage Association |
| 5-23-95<br>R5-25-95<br>L1936/P456 | G | Federal National Mortgage Association | Assignment of Mortgage | The Secretary of Veterans Affairs |

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARNMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

| | | | | |
|---|---|---|---|---|
| 3-1-01<br>R3-26-01<br>L2198/P445 | **B** | L/V. STATON | Certificate of Forfeiture of Real Property | Saginaw County Treasurer |
| 7-30-02<br>R11-5-02<br>L2233/P1140 | **A** | L/V. STATON | Notice of Judgment of Foreclosure | State of Michigan Treasurer |
| 9-19-02<br>R12-4-02<br>L2235/P952 | **E** | DEPARTMENT OF NATURAL RESOURCES – STATE OF MI | Quit Claim Deed | Kenneth Baker Vertis Smith, as joint tenants and not as tenants in common. |

20. That the mortgagee of record since 1995 has been and continues to be the VA.

21. That the VA did not receive requisite notice of the tax foreclosure and, further, was improperly foreclosed upon in violation of the property clause and the supremacy clause of the Federal Constitution.

22. That the relevant tax statute dealing with notice, MCLA §211.78i, states in pertinent

> § 211.78i.  **Identification of owners of property interest**; title search; personal visit to determine occupancy; publication of notice; sources of identification; notice provisions; prohibited assertions if failure to redeem property; noncompliance; "authorized representative" defined; applicability of other requirements.
>
> Sec. 78i. (1) Not later than May 1 immediately succeeding the forfeiture of property to the county treasurer under section 78g, the foreclosing governmental unit shall initiate a search of records identified in subsection (6) to identify the owners of a property interest in the property who are entitled to notice under this section of the show cause hearing under section 78j and the foreclosure hearing under section 78k.
> …
> (6) **The owner of a property interest is entitled to notice** under this section of the show cause hearing under section 78j and the foreclosure hearing under section 78k **if that owner's interest was**

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARNMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

> **identifiable** by reference to any of the following sources **before the date that the county treasurer records the certificate required under section 78g(2)**:
>
> (a) Land title records in the office of the county register of deeds.
> (emphasis added)

23. That the certificate required under §78g(2) is the certificate of forfeiture.

24. That as of March 26, 2001 (the date that the county treasurer recorded the certificate of forfeiture), the VA was the "owner of a property interest . . . that . . . was identifiable . . . before the date that the county treasurer recorded the certificate", pursuant MCLA §211.78i. **See "Exhibit B".**

25. That the record clearly showed the VA's property interest in the Subject Property.

26. That the VA did not receive notice of the tax foreclosure and, as a result, the State Treasurer foreclosed and sold the Subject Property at public auction, without the requisite notice to the VA.

27. That the Property clause of the Federal Constitution states: The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State. USCS Const. Art. IV, § 3, Cl 2.

28. That the State Treasurer foreclosed and sold the property of the VA at public auction without authority and in direct contradiction of the Property clause of the Federal Constitution.

29. That the Supremacy clause of the Federal Constitution states: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof;

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARNMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." USCS Const. Art. VI, Cl 2.

30. That it is well settled that the United States is immune unless it consents to suit. United States v. Testan , 424 U.S. 392 (1976); Blackmar v. Guerre , 342 U.S. 512 (1952); Sherwood v. United States , 312 U.S. 584 (1941).

31. That the State Treasurer foreclosed and sold the Subject Property of the VA at public auction without authority and in direct contradiction of the Supremacy Clause of the Federal Constitution.

32. That 28 USCS § 2410, Actions affecting property on which United States has lien, states in pertinent part;

> (a) Under the conditions prescribed in this section and section 1444 of this title [28 USCS § 1444] for the protection of the United States, the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter--
>   (1) to quiet title to,
>   (2) to foreclose a mortgage or other lien upon,
>
> . . .
>
> real or personal property on which the United States has or claims a mortgage or other lien.

33. That the State Treasurer foreclosed the Subject Property in state circuit court and sold the Subject Property at public auction, all without naming the VA and without authority in direct contradiction of 28 USCS § 2410.

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARNMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

34. That 28 USC § 1444, Foreclosure action against United States, states; Any action brought under section 2410 of this title [28 USCS § 2410] against the United States in any State court may be removed by the United States to the district court of the United States for the district and division in which the action is pending.

35. That 28 USCS § 2410(c), Actions affecting property on which United States has lien, states in pertinent part;

> (c) A judgment or decree in such action or suit shall have the same effect respecting the discharge of the property from the mortgage or other lien held by the United States as may be provided with respect to such matters by the local law of the place where the court is situated. However, an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale.

36. That although 28 USCS § 2410 permits suits against United States to foreclose mortgage or other lien upon real property on which United States claims lien, action against United States would be barred where plaintiff had not sought judicial sale as required pursuant to 28 USCS § 2410(c). United States v Perpetual Help's Boys Home (1978, ED Wis) 451 F Supp 270, 78-2 USTC P 9598, 42 AFTR 2d 5407.

37. That the State Treasurer foreclosed the Subject Property in state circuit court and sold the Subject Property at public auction, all without notice to the VA or seeking a judicial sale in direct contradiction of 28 USCS § 2410.

38. United States cannot be party to suit to foreclose tax sales certificates without its consent. Kenilworth v Corwine (1951, DC NJ) 96 F Supp 68, 43 AFTR 1.19.

39. That the State Treasurer foreclosed the Subject Property in state circuit court and sold the Subject Property at public auction, all without notice to the VA and contrary to existing state and federal law.

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARNMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

40. Similarly and by analogy, Lien interest held by FDIC cannot be extinguished without FDIC's consent as result of foreclosure of liens securing payment of local property taxes Matagorda County v Russell Law (1994, CA5 Tex) 19 F3d 215, 94 TNT 80-16.

41. That based upon all of the above described defects in the foreclosure process and procedure by the State and County Treasurer this tax foreclosure should be set aside, redemption allowed and title quieted as before the wrongful tax foreclosure.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order vacating the judgment of foreclosure as to the Subject Property and quieting title in Larry Staton and Vicki Staton, husband and wife, subject to the valid first mortgage lien of the Veterans Administration.  Additionally, Plaintiff respectfully requests that this court grant such other relief deemed appropriate, including but not limited to, actual damages and an award of costs and reasonable attorney's fees necessitated by filing this complaint.

October 23, 2008                                           s/Richard Welke
                                                           Attorney for Plaintiff
                                                           31440 Northwestern Highway
                                                           Farmington Hills, MI  48334
                                                           (248) 723-5765
                                                           Email: rwelke@trottlaw.com
                                                           P44403

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARNMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118