UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COUNTRYWIDE HOME LOANS, INC.,
*as servicer for the United States Department of Veteran Affairs*

        Plaintiff,

v.

        Case Number 08-14614-BC
        Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF TREASURY,
*Robert J. Kleine, Treasurer*, *et al.*,

        Defendants.
_____ /

## ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION

On October 30, 2008, Plaintiff Countrywide Home Loans, Inc. ("Plaintiff") filed a complaint to vacate a tax foreclosure judgment and to quiet title. *See* dkt. # 1. Plaintiff alleges that Defendants improperly foreclosed on real property that Plaintiff retained a first mortgage lien interest. The complaint asserts that this Court's subject matter jurisdiction is predicated on 28 U.S.C. § 2410 pursuant to 28 U.S.C. § 1331. Defendant Marvin D. Hare disputes that this Court retains subject matter jurisdiction over Plaintiff's complaint. Dkt. # 13 at ¶ 3.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction . . . ." *Douglas v. E.G. Baldwin & Assocs., Inc.*, 150 F.3d 604, 607 (6th Cir. 1998). 28 U.S.C. § 2410 provides, in pertinent part, that "the United States may be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter– (1) to quiet title to, (2) to foreclose a mortgage or other lien upon . . . ." Section 2410 "does not confer jurisdiction upon district courts to entertain quiet title actions . . . the limited purpose of [section] 2410 is to waive sovereign immunity from suit, and 'presupposes that the court in which

such suit is pending or brought has jurisdiction thereof on grounds independent of the statute.'" *Seattle Ass'n of Credit Men v. United States*, 240 F.2d 906, 908-09 (9th Cir. 1952)(quoting *Wells v. Long*, 162 F.2d 842, 844 (9 Cir. 1947); *see also Norman v. United States*, 962 F.Supp. 936, 938 (S.D. Miss. 1996) (Section 2410 "does not confer this court with jurisdiction, but instead constitutes a waiver of the government's immunity."); *see also Pac. Mut. Life Ins. Co. v. Amer. Nat. Bank and Trust Co. of Chicago*, 642 F.Supp. 163, 166-67 (N.D. Ill. 1986) (Section 2410 permits the United States to join a federal action without destroying diversity "so long as an independent basis of jurisdiction exists over the claim against the United States."). In addition, 28 U.S.C. § 1444 permits the United States to remove a complaint from state court that is brought under section 2410 *against* the United States.

In this instance, however, Plaintiff filed the complaint in this Court; it did not remove a complaint from a state court. Thus, it is unclear how 28 U.S.C. § 2410 or 28 U.S.C. § 1444 would establish subject matter jurisdiction in this Court. In addition, the complaint cites the power over property conferred to Congress by the United States Constitution, however, it is unclear how Plaintiff is able to establish a viable claim under this theory. *See* dkt. # 1 at ¶ 27 (citing U.S. Const. Art IV, Sec. 3, Cl. 2. Consequently, the Court has reasonable basis to question whether it has subject matter jurisdiction over the complaint.

Accordingly, it is **ORDERED** that Plaintiff shall show cause in writing why the complaint establishes federal question jurisdiction and the complaint should not be dismissed for lack of jurisdiction on or before **May 4, 2009**.  Plaintiff's brief shall not exceed **ten (10) pages**.  Any Defendant in this matter may file a response brief on or before **May 11, 2009**.  Any response brief shall not exceed five pages.

s/Thomas L. Ludington<br>THOMAS L. LUDINGTON<br>United States District Judge

Dated:  April 24, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 24, 2009

s/Tracy A. Jacobs<br>TRACY A. JACOBS

---