UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COUNTRYWIDE HOME LOANS, INC. as servicer     Case No. 08-14614-BC
for the UNITED STATES DEPARTMENT OF     Hon. Thomas L. Ludington
VETERANS AFFAIRS,

      Plaintiff,

v

ROBERT J. KLEINE, not individually, but in his
capacity as STATE OF MICHIGAN TREASURER, et al,

      Defendants.

_____/

**PLAINTIFF'S RESPONSE AND BRIEF IN SUPPORT TO THE COURT'S
APRIL 24, 2009 SHOW CAUSE ORDER**

    NOW COMES Plaintiff, COUNTRYWIDE HOME LOANS (hereinafter referred to as "CHL"), as servicer for the UNITED STATES DEPARTMENT OF VETERANS AFFAIRS (hereinafter referred to as the "VA") (hereinafter collectively referred to as the "Plaintiff"), by and through its attorneys, TROTT & TROTT, P.C., by Richard Welke, who responds to this Court's April 24, 2009 ORDER TO SHOW CAUSE WHY PLAINTIFF'S COMPLAINT SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION and, in support thereof, states as follows:

### A.   INTRODUCTION

    The VA was the record owner of the Subject Property since 1995 and at all relevant times. See Plaintiff's Complaint, Dkt. #1-6, Ex. D. The State Treasurer foreclosed and sold the property of the VA at public auction, without authority and in direct contradiction of the Property and the Supremacy clause of the Federal Constitution.

    This Court has expressed uncertainty and concern whether it has subject matter jurisdiction over the complaint in this matter. The issue is presumably based on Defendant Marvin D. Hare's Answer to Plaintiff's Complaint, See Dkt. #1 at ¶3 and Dkt. #13 at ¶3,

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

where Mr. Hare disputes this Court's jurisdiction "under either 28 USC §1331 or 28 USC §2410" and alleges that "MCL §211.78l(2), specifically provided that the court of claims has original and exclusive jurisdiction in any action taken to recover monetary damages…". Accordingly, a Order to Show Cause issued from this Court to Plaintiff on April 24, 2009 to show cause in writing why Plaintiff's Complaint should not be dismissed for lack of subject matter jurisdiction.

The court correctly notes that federal courts have an independent obligation to investigate and police the boundaries of their own jurisdiction. *Douglas v. E.G. Baldwin & Assocs.*, 150 F.3d 604, 606 (6th Cir. Ohio 1998). This Court is also correct in noting that *Seattle Ass'n of Credit Men v. United States*, 240 F.2d 906 (9th Cir 1952); *Norman v. United States*, 962 F.Supp. 936 (S.D. Miss. 1996) and *Pac. Mut. Life Ins. Co. v. Amer. Nat Bank and Trust Co. of Chicago,* 642 F.Supp. 163, (N.D.Ill. 1986) all agree that the limited purpose of § 2410 is to waive sovereign immunity from suit, and 'presupposes that the court in which such suit is pending or brought has jurisdiction thereof on grounds independent of the statute.'

As stated above, the VA was the record owner of the Subject Property at all relevant times. Plaintiff takes issue with Defendant Hare's assertion that this Court does not have jurisdiction and will argue below, with citations to authority, that this Court does have subject matter jurisdiction over this Complaint.

### B.  THIS COURT DOES HAVE SUBJECT MATTER JURISDICTION UNDER 28 U.S.C §1331

Federal courts are courts of limited jurisdiction which may exercise only those powers authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of America,* 511

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994); *Douglas v. E.G. Baldwin & Assocs.,* 150 F.3d 604, 606 (6th Cir. Ohio 1998).

Congress has defined the province of federal judicial authority in two basic jurisdictional statutes: (1) 28 U.S.C.A. § 1331, which confers jurisdiction upon federal courts over civil actions "arising under the Constitution, laws, or treaties of the United States;" and, (2) 28 U.S.C.A. § 1332, also known as "diversity jurisdiction." Only §1331 is at issue in the instant matter.

Plaintiff's Complaint, Dkt. #1 at ¶3, alleges "That this court has jurisdiction pursuant pursuant 28 U.S.C. §1331 and 28 USCS § 2410." As stated above, §1331 confers jurisdiction upon federal courts over civil actions "arising under the **Constitution**, laws, or treatises of the United States." (emphasis added)

Plaintiff's Complaint, Dkt. #1 at ¶¶27 and 29, allege claims under the Property clause of the Federal Constitution, USCS Const. Art. IV, § 3, Cl 2 and the Supremacy clause of the Federal Constitution, USCS Const. Art. VI, Cl 2. The Complaint alleges that the State Treasurer foreclosed and sold the property of the VA at public auction, without authority and in direct contradiction of the Property and the Supremacy clause of the Federal Constitution.

This court should not dismiss this Complaint for lack of subject matter jurisdiction because this Court does have subject matter jurisdiction notwithstanding any statement to the contrary by Defendant Hare's answer to Plaintiff's Complaint, Dkt. #13 at ¶3.

### ARGUMENT ONE - THE STATE JUDGMENT OF FORECLOSURE WAS ENTERED IN VIOLATION OF THE PROPERTY CLAUSE OF THE FEDERAL CONSTITUTION OF THE UNITED STATES

The Property clause of the Federal Constitution states: The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

Property belonging to the United States; and nothing in this Constitution shall be so construed as to Prejudice any Claims of the United States, or of any particular State. USCS Const. Art. IV, § 3, Cl 2. The VA was the record owner of the Subject Property at all relevant times.

A Court, State or Federal, bears an independent obligation to assure itself that jurisdiction is proper before proceeding to the merits. *Steel Co. v. Citizens for Better Environment,* 523 U.S. 83, 94-95, 118 S. Ct. 1003, 140 L. Ed. 2d 210 (1998). In the Federal area of Native American issues, whether a tribal court has adjudicative authority over nonmembers is a federal question. *Iowa Mut. Ins. Co. v. LaPlante,* 480 U.S. 9, 15, 107 S. Ct. 971, 94 L. Ed. 2d 10 (1987); *National Farmers Union Ins. Cos. v. Crow Tribe,* 471 U.S. 845, 852-853, 105 S. Ct. 2447, 85 L. Ed. 2d 818 (1985). If the tribal court is found to lack such jurisdiction, any judgment as to the nonmember is necessarily null and void. *Plains Commerce Bank v. Long Family Land & Cattle Co.,* 128 S. Ct. 2709, 2716-2717 (U.S. 2008).

In the matter presently before this court, had the foreclosing governmental unit and/or the State Court, reviewed the record properly they would have discovered the VA's property interest and realized that they had no jurisdiction to foreclose on property of the U.S. Government. Accordingly, Plaintiff has stated a claim under the Property clause of the U.S. Constitution and this Court has subject matter jurisdiction over the Complaint.

Land in which United States has interest is not subject to state taxation. *Lincoln County v Pacific Spruce Corp.* (1928, CA9 Or) 26 F2d 435. State has no power to tax property of United States or any of its instrumentalities within its limits without consent of Congress, whether such tax be strictly for state purposes or for local and special objects; although Congress may consent to taxation of federal instrumentalities, such grant should clearly and

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

unequivocally confer privilege. *Board of Directors v Reconstruction Finance Corp.* (1948, CA8 Ark) 170 F2d 430. USCS Const. Art. IV, § 3, Cl 2

The State Treasurer foreclosed and sold the property of the VA at public auction without authority and in direct contradiction of the Property clause of the Federal Constitution. Had the foreclosing governmental unit reviewed the record properly, they would have discovered the VA's property interest and realized that they had no jurisdiction to foreclose on property of the U.S. Government. Plaintiff argues that the judgment of [tax] foreclosure was entered in violation of the property clause of the Federal Constitution of the United States as well as other Federal and State law. Accordingly, Plaintiff has stated a claim under the Property clause of the U.S. Constitution and this Court has subject matter jurisdiction over the Complaint.

### ARGUMENT TWO - THE JUDGMENT OF FORECLOSURE WAS ENTERED IN VIOLATION OF THE SUPREMACY CLAUSE OF THE FEDERAL CONSTITUTION OF THE UNITED STATES

The Supremacy clause of the Federal Constitution states: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States, shall be the supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding." USCS Const. Art. VI, Cl 2. It is well settled that the United States is immune unless it consents to suit. *United States v. Testan*, 424 U.S. 392 (1976); *Blackmar v. Guerre*, 342 U.S. 512 (1952); *Sherwood v. United States*, 312 U.S. 584 (1941).

The Supremacy Clause of the United States Constitution required the federal courts to disregard state law if it would frustrate the implementation of a federal statutory scheme, enacted by Congress pursuant to one of its enumerated powers. *In re Gwinn*, 34 B.R. 936 (Bankr. S.D. Ohio 1983). In the matter presently before this court, the foreclosing

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

governmental unit, the Treasurer, essentially argues that state law, including limitations periods should trump the Supremacy Clause and the Property Clause of the United States Constitution. This court should summarily reject that argument.

Under the Supremacy Clause of the Constitution state legislation must yield to the interests of the United States when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs. See *Yunis v. United States,* 118 F.Supp.2d 1024, 1032 (C.D.Cal. July 24, 2000). Permitting a private entity to sell property owned by the United States hinders the government's purpose in owning the property in the first place.

Congress has the power to determine the conditions upon which property of the United States is sold or otherwise disposed. *Butte City Water Co., v. Baker,* 196 U.S. 119, 126, 25 S. Ct. 211, 49 L. Ed. 409 (1905). An individual or entity may not dispose of federally owned property unless Congress has conferred, expressly or implicitly, such power. Id.; see also *Royal Indemnity Co. v. United States,* 313 U.S. 289, 61 S. Ct. 995, 85 L. Ed. 1361, 1941-1 C.B. 391 (1941). The statutory scheme is clear, only the United States may sell property acquired pursuant to 21 U.S.C. § 853. *United States v. West,* 2007 U.S. Dist. LEXIS 15109, 7-8 (D. Tenn. 2007).

The Court addressed this issue in *Yunis v. United States,* 118 F. Supp. 2d 1024, CV 97-7863, in its Order granting the United States' motion for partial summary judgment. Although, the non-judicial foreclosure sale in that case involved property acquired by the VA under its Loan Guaranty Program, the critical legal issues are identical.

In *Yunis*, the Court agreed with the United States that its property could not be sold through a non-judicial foreclosure proceeding to collect homeowner association assessment fees without specific congressional authorization. Finding no such authorization, the <u>Yunis</u>

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

Court concluded that such a sale violated the Constitution's Property and Supremacy Clauses and voided the sale. Because there are no factual disputes regarding HUD's failure to pay assessment fees and the events leading up to the foreclosure sale, the legal issue raised by HUD, i.e. whether the Supremacy and Property Clauses of the Constitution preclude the use of non-judicial foreclosure by a private party to sell property owned by the United States in order to satisfy a debt it admittedly owes, is ripe for partial summary judgment. Upon consideration of the parties' cross motions for partial summary judgment and summary judgment, the *Yunis* Court has concluded, for the reasons set forth below, that HUD's motion should be granted and that the cross-motions by defendants should be denied. *Secretary of HUD v. Secretary of HUD,* 117 F. Supp. 2d 970, 972 (D. Cal. 2000).

In the matter presently before this court, had the foreclosing governmental unit reviewed the record properly, they would have discovered the VA's property interest and realized that they had no jurisdiction to foreclose on property of the U.S. Government. The State Treasurer foreclosed and sold the Subject Property of the VA at public auction, without authority and in direct contradiction of the Supremacy Clause of the Federal Constitution. Plaintiff argues that the judgment of [tax] foreclosure was entered in violation of the Supremacy clause of the Federal Constitution of the United States as well as other Federal and State law. Accordingly, Plaintiff has stated a claim under the Supremacy clause of the U.S. Constitution and this Court has subject matter jurisdiction over the Complaint.

### ARGUMENT THREE - THE JUDGMENT OF [TAX] FORECLOSURE WAS ENTERED IN VIOLATION OF FEDERAL LAW

28 USCS § 2410, Actions affecting property on which United States has lien, states in pertinent part;

> (a) Under the conditions prescribed in this section and section 1444 of this title [28 USCS § 1444] for the protection of the United States, the United States may be named a party in any civil action

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

> or suit in any district court, or in any State court having jurisdiction of the subject matter--
> (1) to quiet title to,
> (2) to foreclose a mortgage or other lien upon,
>
> • • •
>
> real or personal property on which the United States has or claims a mortgage or other lien.

The State Treasurer foreclosed the Subject Property in state circuit court and sold the Subject Property at public auction, all without naming the VA, without authority and in direct contradiction of 28 USCS § 2410. Had the foreclosing governmental unit reviewed the record properly, they would have discovered the VA's property interest and realized that they had no jurisdiction to foreclose on property of the U.S. Government. Plaintiff has stated a claim under § 2410 and "*the court in which such suit is pending or brought has jurisdiction thereof on grounds independent of the statute*", i.e. the Property and Supremacy clause of the U.S. Constitution. *Seattle Ass'n of Credit Men*; *Norman;* and *Pac. Mut. Life Ins. Co.* Accordingly, this Court has subject matter jurisdiction over the Complaint.

28 USCS § 2410(c), Actions affecting property on which United States has lien, states in pertinent part;

> (c) A judgment or decree in such action or suit shall have the same effect respecting the discharge of the property from the mortgage or other lien held by the United States as may be provided with respect to such matters by the local law of the place where the court is situated. However, an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale.

The United States cannot be party to suit to foreclose tax sales certificates without its consent. *Kenilworth v Corwine* (1951, DC NJ) 96 F Supp 68, 43 AFTR 1. Similarly and by analogy, Lien interest held by FDIC cannot be extinguished without FDIC's consent as

TROTT & TROTT, P.C.
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

result of foreclosure of liens securing payment of local property taxes *Matagorda County v Russell Law* (1994, CA5 Tex) 19 F3d 215, 94 TNT 80-16.

Plaintiff alleges that the judgment of [tax] foreclosure was entered in violation of the Constitution and Federal as well as State law. Accordingly, Plaintiff has stated a claim under the Property and Supremacy clause of the Constitution, as well as other Federal law and this Court has subject matter jurisdiction over the Complaint independent of § 2410.

### ARGUMENT FOUR - DEFENDANT HARE'S ASSERTION THAT THE COURT OF CLAIMS HAS ORIGINAL AND EXCLUSIVE JURISDICTION IS SIMPLY NOT ACCURATE

Defendant Hare's assertion that the court of claims has exclusive jurisdiction in any action taken to recover monetary damages is incorrect on at least two bases. First, Plaintiff's seeks primarily to vacate the judgment of foreclosure entered by the Treasurer and, second, the Michigan Supreme Court, in *Wayne County Treasurer v. Perfecting Church,* 478 Mich. 1 (2007), has sanctioned challenges to a tax foreclosure in the State Circuit Courts. Prior to *Perfecting Church*, state and local Treasurers, as foreclosing governmental units, throughout the State have almost universally interpreted this section to preclude *any* action in the State Circuit Courts challenging a tax foreclosure. Perfecting Church has, at the very least, put the term "exclusive jurisdiction" in MCL §211.78l(2) in question.

Even if this Court accepts Defendant Hare's interpretation that the State Court of Claims has "exclusive jurisdiction", under the Supremacy Clause of the Constitution state legislation must yield to the interests of the United States when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs. See *Yunis v. United States,* 118 F.Supp.2d 1024, 1032

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

(C.D.Cal. July 24, 2000). This court should not dismiss this Complaint for lack of subject matter jurisdiction because this Court has subject matter jurisdiction notwithstanding any statement to the contrary by Defendant Hare's answer to Plaintiff's Complaint.

### C - CONCLUSION

The VA was the record owner of the Subject Property and the State Treasurer foreclosed and sold the property of the VA without legal authority. This court has subject matter jurisdiction notwithstanding any statement to the contrary by Defendant Hare's answer to Plaintiff's Complaint. Dkt. #13 at ¶3. Plaintiff's Complaint, Dkt. #1 at ¶27 and 29, allege claims under the Property clause of the Federal Constitution, USCS Const. Art. IV, § 3, Cl 2, and the Supremacy clause of the Federal Constitution USCS Const. Art. VI, Cl 2. The State Treasurer foreclosed and sold the property of the VA at public auction, without authority and in direct contradiction of the Property and the Supremacy clause of the Federal Constitution as well as other federal and state law cited above.

WHEREFORE, for the arguments presented and reasons stated herein and in the accompanying brief in support, Defendants respectfully request the Court exercise its subject matter jurisdiction over Plaintiff's Complaint against these Defendants.

|  |  |
|---|---|
| Dated: May 4, 2009 | s/*Richard Welke*<br>Attorney for Plaintiff,<br>31440 Northwestern Highway<br>Farmington Hills, MI 48334<br>(248) 723-5765<br>Email: rwelke@trottlaw.com<br>P44403 |

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

L:\karolyn\richard.welke\Staton, Vicki (135854L02)\Show Cause-4.24.09\Staton-Response to Show Cause Order-5.4.09.doc
Page 10 of 11

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2009, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system, which served a copy upon all ECF participants, including:

**Kevin R. Smith**
**State of Michigan, Attorney General**
**P.O. Box 30754**
**Lansing, MI 48909**

**Christina M. Grossi**
**Lawrence W. Smith**
**Gilbert, Smith**
**721 S. Michigan Avenue**
**Saginaw, MI 48602**

with a copy mailed to:

**Vicki Staton**
**1001 Webber Street**
**Saginaw, MI 48601**

**Ms. Vertis Smith**
**2725 W. Auburn**
**Saginaw, MI 48601**

**Larry Staton**
**377 Shady Lane, Apt. 4**
**El Cajon, CA 92021**

**Kenneth Baker**
**5137 Geraldine Drive**
**Lansing, MI 48917**

**TROTT & TROTT, P.C.**
31440 NORTHWESTERN HIGHWAY, SUITE 200
FARMINGTON HILLS, MI 48334
PHONE (248) 642-2515
FACSIMILE (248) 205-4118

Dated: May 4, 2009

       s/*Richard Welke*
Attorney for Plaintiff,
31440 Northwestern Highway
Farmington Hills, MI 48334
(248) 723-5765
Email: rwelke@trottlaw.com
P44403