UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COUNTRYWIDE HOME LOANS INC,
as servicer for the UNITED STATES
DEPARTMENT OF VETERAN AFFAIRS,

     Plaintiff,                             Case No.: 1:08-cv-14614

v.                                   Hon. Thomas L. Ludington

ROBERT J. KLEINE, not individually, but in
his capacity as STATE OF MICHIGAN
TREASURER, and

THE MICHIGAN DEPARTMENT OF
NATURAL RESOURCES OFFICE OF
PROPERTY MANAGEMENT, and

MARVIN D. HARE, not individually, but in
his capacity as the SAGINAW COUNTY
TREASURER, and

**DEFENDANT SAGINAW
COUNTY TREASURER'S
BRIEF IN RESPONSE TO
PLAINTIFF'S RESPONSE
TO COURT'S ORDER TO
SHOW CAUSE**

LARRY STATON and VICKI STATON
Husband and Wife, and

KENNETH BAKER, and VERTIS SMITH,

     Defendants.

_____/

RICHARD WELKE (P44403)
Trott & Trott, P.C.
Attorney for Plaintiff
31440 Northwestern Highway
Suite 200
Farmington Hills, MI 48334
(248) 723 – 5765

KEVIN T. SMITH (P32825)
Attorneys for State Defendants
Michigan Department of Attorney
General Revenue and Collections
Division
P.O. Box 30754
Lansing, MI 48909
(517) 373-3202

- 1 -
**GILBERT SMITH & BORRELLO, P.C.**
PHONE (989) 790-2500

GILBERT, SMITH & BORRELLO, P.C.
By:    LAWRENCE W. SMITH (P27029)
        CHRISTINA M. GROSSI (P67482)
Attorneys for Defendant Saginaw County
Treasurer Marvin Hare
111 South Michigan Ave.
Saginaw, MI 48602
(989) 790 - 2500
_____/

## DEFENDANT SAGINAW COUNTY TREASURER MARVIN HARE'S BRIEF IN RESPONSE TO PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THE COURT HAS SUBJECT MATTER JURISDICTION

## **STATEMENT OF ISSUES PRESENTED**

1. Whether Plaintiff's allegations that Defendants violated Plaintiff's rights under the Supremacy Clause and Property Clauses state a claim upon which relief may be granted?

   Plaintiff Answers: "Yes"

   Defendant Answers: "No"

2. Whether 28 U.S.C. § 2410 establishes federal question jurisdiction in this circumstance?

   Plaintiff Answers: "Yes"

   Defendant Answers: "No"

## <u>TABLE OF AUTHORITIES</u>

**Case Law:**

(1)  *Thorton v. Sw. Detroit Hospital,* 895 F.2d 1131 (6th Cir. 1990)

(2)  *Yunis v. United States of America, Dept. of Veterans Affairs,* 118 F. Supp. 2d 1024 (D.C. Cal. 2000)

(3)  *U.S. v. Del Valle & Del Valle, Inc., et al.,* 532 F. Supp. 337 (D.C. Puerto Rico 1988)

**Federal Statute:**

(1)  28 U.S.C. § 2410

(2)  28 U.S.C. § 1331

(3)  28 U.S.C. § 1444

**Michigan Statute:**

(1)  M.C.L. § 211.78i

(2)  M.C.L. § 211.78j

(3)  M.C.L. § 211.78k

<u>**DEFENDANT SAGINAW COUNTY TREASURER MARVIN HARE'S**</u>
<u>**BRIEF IN RESPONSE**</u>

**Statement of Facts:**

Plaintiff filed the present lawsuit on October 30, 2008, requesting that the Court vacate a judgment of foreclosure entered in Case Number 01-39387-CZ in the Circuit Court of Saginaw County. In its Complaint, Plaintiff requests that the Court enforce "certain rights guaranteed to the Plaintiff pursuant [to] the property clause and the supremacy clause of the Federal Constitution of the United States as well as State of Michigan tax foreclosure law." See Plaintiff's Complaint, ¶ 2, pg. 2. Plaintiff asserted that this Court has subject matter jurisdiction pursuant to such by virtue of 28 U.S.C. § 1331 and 28 U.S.C. § 2410. *Id.,* ¶ 3, pg. 2. Defendant Hare filed an Answer to Plaintiff's suit on January 7, 2009, asserting affirmative defenses and contesting Plaintiff's authority for subject matter jurisdiction.

Based, in part, upon Defendant's objection, this Court reviewed the matter independently and Ordered Plaintiff to Show Cause why the Complaint should not be dismissed for lack of subject matter jurisdiction. The Court ordered mandatory briefing by Plaintiff by May 4, 2009; and, permissive briefing in response by the Defendants by May 11, 2009. Plaintiff responded to the Court's Order to Show Cause by advancing two principle arguments: (1) that the State tax foreclosure violated Plaintiff's rights under the Property and Supremacy Clauses of the U.S. Constitution and thus this Court has federal question subject matter jurisdiction; and, (2) 28 U.S.C. § 2410, together with said violations, also establishes federal question jurisdiction in this case. On May 18, 2009, the Court determined that briefs in response to the allegations asserted by Plaintiff would assist the Court; and, thus, ordered Defendants to so file by May 26, 2009. This brief is being filed pursuant to said Order.

(1)      *Do Plaintiff's allegations that Defendants violated Plaintiff's rights under the Supremacy Clause and Property Clause state a claim upon which relief may be granted;*

Because the State of Michigan acted as the foreclosing governmental unit in this case, and because the Attorney General's Office is the more appropriate authority to argue the bases for relief under alleged violations of the Michigan General Property Tax Act, Defendant Hare will refrain from providing an independent argument as to whether Plaintiff has stated a claim upon which relief can be granted in this matter.  Defendant Hare instead defers to the Attorney General's for argument regarding the substantive merits of Plaintiff's case; and, affirmatively adopts and incorporates Defendant State of Michigan's arguments herein.

Defendant Hare does wish to respond to Plaintiff's claim of subject matter jurisdiction pursuant to alleged violations of the Property and Supremacy Clauses however.  Defendant asserts that Plaintiff's alleged violations of said federal constitutional provisions are dependent upon Plaintiff's joint assertion of a violation of the State Act.  In its Complaint and brief, Plaintiff alleges that Defendants violated M.C.L. § 211.78i(6) which provides, in relevant part, that "the owner of a property interest is entitled to notice under this section of the show cause hearing…."  Further, in its Complaint, Plaintiff identifies the failure to provide notice as the cause which ultimately led to a judgment of foreclosure being entered in violation of the Property and Supremacy Clauses.  Arguably, this is because M.C.L. § 211.78j(2) provides the owner of a property interest identified and notified under subsection 78i with the right to "appear at the hearing held" and "show cause why absolute title to that property should not vest in the foreclosing governmental unit for any of the reasons set forth in 78k(2)."

Plaintiff cites *Yunis v. United States of America, Dept. of Veterans Affairs, et al.,* 118 F.Supp.2d 1024 (D.C. Cal. 2000) to support its proposition that a cause of action exists under the

Property and Supremacy Clauses in the case at bar.  However, it is important to note that in *Yunis,* the Plaintiff was acting in accordance with, and affirmatively arguing that, "state law permitted it to foreclose upon its assessment lien."  *Id.* at 1030.  In other words, all the parties in *Yunis* agreed that the laws of the State of California had been followed when foreclosing on the federal government's property (the federal government in *Yunis* even acknowledged that its property was subject to state regulation to the extent that it was not *inconsistent* with federal law. *Id.* at 1029.).

The distinction between *Yunis* and the case at bar is that Plaintiff is not arguing that Defendants complied with State law and deprived the federal government of its property in so doing.  Plaintiff plainly states in its Complaint that State law requires an inspection of the record and that notice be given; and, Plaintiff alleges that Defendants violated these requirements which directly led to the improper foreclosure.  Stated another way, unlike *Yunis,* Plaintiff is not arguing in the Complaint that the laws of the State itself frustrate federal law and therefore must yield.  Further, Plaintiff makes no allegation that, as a general matter, State law prevents the type of notice and joinder to suit contemplated under 28 U.S.C. § 2410 from being exercised. Plaintiff asserts in his Complaint that it was the Defendants' failure to review the record and provide notice in accordance with State statutes that led to the alleged wrongful foreclosure and discharge of the Plaintiff's lien in contravention of the Property Clause of the United States Constitution.

Without speaking as to the factual merits of Plaintiff's allegations, it is noted that federal question jurisdiction can only be established by showing "either that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Thorton v. Sw. Detroit Hosp.,* 895 F.2d 1131, 1133 (6th Cir. 1990).  In

this case, Plaintiff's assertion of violations of federal law pursuant to the foreclosure is secondary, and dependent upon, Plaintiff's allegations of violations of State law for failure to review the record and issue notice.  Plaintiff provides in its Complaint that "the VA did not receive notice of the tax foreclosure and, as a result, the State foreclosed and sold the Subject Property at public auction, without the requisite notice to the VA."  Plaintiff's Complaint, ¶ 26, p. 7.  It is based upon the alleged failure to provide notice under M.C.L. § 211.78i – as asserted by Plaintiff in its Complaint – that led to an alleged violation of the Property and Supremacy Clause.[1]

Pursuant to such, Plaintiff's cause of action does not arise "under" federal law and does not depend upon the resolution of a substantial issue of federal law in accordance with *Thorton*. Accordingly, subjection matter jurisdiction under 28 U.S.C. § 1331 does not exist.

*(2)      Does 28 U.S.C. 2410 establish federal question jurisdiction in this case?*

28 U.S.C. § 2410(a) provides the following, in relevant part:

"Under the conditions prescribed in this section and section 1444 of this title for the protection of the United States, the United States *may* be named a party in any civil action or suit in any district court, or in any State court having jurisdiction of the subject matter- (1) to quiet title to, (2) to foreclose a mortgage or other lien upon, (3) to partition, (4) to condemn, or (5) of interpleader or in the nature of interpleader with respect to, real or personal property on which the United States has or claims a mortgage or other lien." [emphasis added]

Relying upon the plain language of the statute, Section 2410 was an explicit waiver by Congress under which it consented to the joinder of the United States in any civil action in any federal or state court having jurisdiction over the enumerated types of cases.  See *U.S. v. Del Valle & Del Valle, Inc., et al.,* 532 F. Supp. 337, 338 (D.C. Puerto Rico, 1988).  Theses actions include suits to foreclose a mortgage or other lien upon real property which the United States has

---

[1] Furthermore, the language of 28 U.S.C. § 2410 providing that the federal government may be named a party to a civil action in a state court having jurisdiction implicitly supports the proposition that state court lien foreclosure actions themselves do not frustrate federal law as a general matter.

or claims a mortgage or other lien upon.  *Id.*  The procedural process for naming the United States as a party is outlined in subsection (b); and, subsection (c) provides the legal effect and procedures correlating to discharges of mortgages and liens, judicial sales, and redemptions when a party proceeds in a suit naming the United States as a party in accordance with 28 U.S.C. § 2410(a).

Plaintiff attempts to assert subject matter jurisdiction to this Court to hear this case assumingly based upon the premises that the United States was allegedly not named to the state foreclosure action as allowed for in 28 U.S.C. § 2410.  The explicit language of the statute, however, provides that naming the United States as a party under this statute is permissive rather than mandatory.  Thus, since 28 U.S.C. § 2410 is permissive in language, it is unclear as to how Section 2410 could provide subject matter jurisdiction to the Court to hear a case when not used.  Defendant would agree that had a party filed suit *against* the United States for foreclosure of a lien, then the case could be removed by the federal government pursuant to 28 U.S.C. §1444 and this Court would have proper subject matter jurisdiction to hear the case.  However, when the United States has filed the action, neither section 2410 or Section 1444 provide any independent basis upon which Plaintiff may assert federal question subject matter jurisdiction.  Thus, 28 U.S.C. § 2410 is of no consequence in these circumstances as to whether or not federal question subject matter jurisdiction exists.

Respectfully Submitted,

Dated:  May 20, 2009

By: s/ Christina M. Grossi_____
GILBERT, SMITH & BORRELLO, P.C.
721 South Michigan Avenue
Saginaw, Michigan 48602
(989) 790-2500
cgrossi@gsb-law.com
(P67482)

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 20, 2009, I electronically filed the foregoing paper with the Clerk of the Court using ECF system which will send notification of such filing to the following: Richard Welke and Kevin Smith.  I also certify that, on May 20, 2009, I mailed a courtesy copy of this Brief directly to the Court's Chambers pursuant to Local Rule.

s/Christina M. Grossi_____
GILBERT, SMITH & BORRELLO, P.C.
721 South Michigan Avenue
Saginaw, Michigan 48602
(989) 790-2500
cgrossi@gsb-law.com
(P67482)