UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

COUNTRYWIDE HOME LOANS, INC.,
*as servicer for the United States Department of*
*Veteran Affairs*,

                    Plaintiff,

                                                    Case Number 08-14614-BC
v.                                                  Honorable Thomas L. Ludington

MICHIGAN DEPARTMENT OF TREASURY,
*Robert J. Kleine, Treasurer*, *et al.*,

                    Defendants.
_____ /

**ORDER DETERMINING THE COURT'S SUBJECT MATTER JURISDICTION AND**
**DISMISSING APRIL 24, 2009 ORDER TO SHOW CAUSE**

On October 30, 2008, Plaintiff Countrywide Home Loans, Inc. ("Plaintiff") filed a complaint

to vacate a tax foreclosure judgment and to quiet title on a parcel of real property located at 1001

Webber Street, Saginaw, Michigan ("Webber Property"). *See* dkt. # 1. According to the complaint,

on July 9, 1981, Defendants Larry and Vicki Staton recorded a mortgage valued at $20,500.00 on

the Webber Property. *Id.* at ¶ 19. In 1995, the mortgage was assigned to the Secretary of Veteran

Affairs. *Id.* Plaintiff alleges that it acts as a mortgage servicer for the Department of Veteran

Affairs. *Id.* at ¶ 4. In 2001, Defendant Marvin Hare, as treasurer of the County of Saginaw, filed

a certificate of forfeiture on the Webber Property for delinquent property taxes. *Id.* at ¶ 7. In 2002,

Defendant Robert Kleine foreclosed the Webber Property, which was purchased at public auction.

Plaintiff contends that Defendants did not follow notice procedures set forth in Mich. Comp. Laws

§ 211.78i prior to effectuating the foreclose. *Id.* at 21-26.

The complaint states that "this Court has jurisdiction pursuant 28 U.S.C. §1331 and 28

[U.S.C.] § 2410," predicated on violations of the Property and Supremacy Clauses of the United

States Constitution. *Id.* at ¶ 3, 21; *see* U.S. Const. Art. IV, § 3,Cl. 2 & Art. VI, Cl. 2. Defendant

Marvin D. Hare disputed this Court's subject matter jurisdiction over Plaintiff's complaint. Dkt. #

13 at ¶ 3.

On April 24, 2009, the Court ordered Plaintiff to show why the complaint should not be

dismissed for lack of subject matter jurisdiction. On May 4, 2009, Plaintiff responded to the order

to show cause. Dkt. # 17. On May 18, 2009, the Court directed Defendants to file response briefs,

which were filed on May 26, 2009. Dkt. # 18, 24-26. After reviewing the pleadings and relevant

authority, the Court is persuaded that Plaintiff's constitutional claims establish this Court's subject

matter jurisdiction pursuant to 28 U.S.C. § 1331.

"[F]ederal courts have an independent obligation to investigate and police the boundaries of

their own jurisdiction . . . ." *Douglas v. E.G. Baldwin & Assoc., Inc.*, 150 F.3d 604, 607 (6th Cir.

1998) (abrogated on other grounds by *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006)). The burden

rests with the party asserting jurisdiction to demonstrate the complaint falls within a district court's

limited jurisdiction. *Id.* at 606. 28 U.S.C. § 1331 establishes a district court's jurisdiction "only

in those cases in which a well-pleaded Complaint establishes either that federal law creates the cause

of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial

question of federal law." *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 550 (6th Cir. 2006)

(quoting *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir.1990) (quoting

*Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983))). A party may

establish the Court's original jurisdiction by advancing "causes of action [that] are created by federal

law, that is, where federal law provides a right to relief." *Id.* (citing *American Well Works Co. v.

Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)).

-2-

Here, Plaintiff seeks relief pursuant to the Property and Supremacy Clauses of the United States Constitution.[1]  In support of this proposition, Plaintiff advances *Yunis v. United States*, 118 F. Supp. 2d 1024, 1031 (C.D. Cal. 2000), which recognized that the Property and Supremacy Clauses "govern[] the determination of whether title to land owned by the United States has passed to another party."  Ultimately, the court concluded that a non-judicial foreclosure of property owned by the federal government encroached on Congress's authority "to determine the conditions upon which property of the United States is sold or otherwise disposed."  *Id.* (citing *Butte City Water Co. v. Baker*, 196 U.S. 119, 126, (1905)).

In response, Defendants advance two arguments.  First, Defendants assert that the reasoning in *Yunis* is inapposite because *Tunis* was limited to fee ownership by the United States and does not apply to mortgage interests.  Next, Defendants contend that Plaintiff does not challenge the constitutionality of Michigan's foreclosure procedure.  Rather, Plaintiff merely alleges that Defendants did not respect state law notice requirements pursuant to Mich. Comp. Laws. § 211.78i.

At this preliminary stage, the inquiry is limited to whether federal law creates a right to relief.  Notwithstanding Defendants' arguments, Plaintiff has met its burden in advancing an arguable basis for relief pursuant to the Constitution.  *See also BF Partners, LLC v. Estate of McSorley*, 2005 WL 1335150, *3-*6 (W.D. Mich. June 6, 2005) (district court nullified tax and quitclaim deeds, finding federal agency controlled disposition of real property predicated on authority granted in Property and Supremacy Clauses).  Defendants may address outstanding questions of law and fact advanced in their response briefs through motion practice.

---

[1]  The parties agree that 28 U.S.C. § 2410 does not provide an independent basis for this Court to exercise jurisdiction.

Accordingly, it is **ORDERED** that the Court's April 24, 2009 Order to Show Cause [Dkt.

# 16] is **DISMISSED**.  The complaint establishes original jurisdiction in this Court.

                                    s/Thomas L. Ludington
                                    THOMAS L. LUDINGTON
                                    United States District Judge
Dated:  May 29, 2009

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served
upon each attorney or party of record herein by electronic means or first
class U.S. mail on May 29, 2009.

                        s/Tracy A. Jacobs
                        TRACY A. JACOBS

-4-